**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE ANTONIO LOZADA** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **CAROLYN W. COLVIN,** | : | |
| **Acting Commissioner of Social Security** | : | **NO.  13-4033** |

## <u>MEMORANDUM ORDER</u>

**DITTER, J.**                                                                 **March 16, 2016**

Upon consideration of the administrative record, pleadings, the Report and

Recommendation, and objections thereto, I make the following findings and reach the

following conclusions:

1.      Jose Antonio Lozada brought this action pursuant to 42 U.S.C. § 405(g)
seeking judicial review of the decision of Carolyn W. Colvin, Acting
Commissioner of the Social Security Administration, denying his claims for
disability insurance benefits ("DIB") and supplemental security income
("SSI") under Titles II and  XVI of the Social Security Act.  On July 14,
2015, the Honorable Henry S. Perkin, United States Magistrate Judge, filed
a Report and Recommendation recommending that the matter be remanded
to the Acting Commissioner.  Defendant has filed objections to the Report
and Recommendation decision of the Commissioner should be affirmed.

2.      The district court undertakes a *de novo* review of the portions of the Report
and Recommendation to which Plaintiff has objected.  *See* 28 U.S.C. §
636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir. 2011).  The Court
"may accept, reject, or modify, in whole or in part, the findings or
recommendations made by the magistrate judge."  28 U.S.C.
§ 636(b)(1).  I must review the factual findings presented to determine if
they are supported by "substantial evidence in the record."  42 U.S.C. §
405(g); *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).  "In order to
establish a disability under the Social Security Act, a claimant must
demonstrate there is some 'medically determinable basis for an impairment

that prevents him from engaging in any substantial gainful activity for a statutory twelve-month period.'" *Plummer*, 186 F.3d at 427 (citations omitted).

3.      The Report and Recommendation recommends remand because the ALJ did not include "moderate" limitations in concentration, persistence, or pace in his hypothetical question to the vocational expert.  Defendant argues that the Magistrate Judge erred in reaching this conclusion because "moderate limitations found in the broad areas of functioning at step three are not required to be transcribed verbatim in the residual functional capacity assessment and hypothetical question."  Def.'s Obj. at 2; *see Ramirez v. Barnhart*, 372 F.3d 546 (3d Cir. 2004).  Plaintiff counters that the Magistrate Judge correctly recommended remand because the ALJ's hypothetical question was not properly inclusive of Plaintiff's limitations.  Plaintiff also points out that the vocational expert became equivocal when Plaintiff's moderate limitations in concentration, persistence, or pace were specifically introduced to the hypothetical.  Indeed, as the Magistrate Judge pointed out, the vocational expert stated that he could not provide an answer as to how moderate difficulties would affect Plaintiff's work without a clear definition of the term moderate.[1]  Tr. at 74-76.  After consideration of all of the arguments and evidence, I shall adopt and affirm the report and recommendation of the Magistrate Judge.

4.      The Magistrate Judge thoroughly reviewed the medical evidence and set forth specific reasons for finding the hypothetical presented to the vocational expert inadequate.  Because the ALJ's hypothetical failed to clearly account for Plaintiff's moderate impairments in concentration, persistence and pace, it cannot serve as substantial evidence to support the ALJ's determination and remand is warranted.[2]  *See generally Westwood v. Colvin*, 2015 WL 4077058 (E.D.Pa. July 6, 2015) (Pratter, J.).

---

[1]  The ALJ did not address this testimony in his decision.

[2]  Judge Perkin rejected all of Plaintiff's arguments except for his claim that the ALJ's hypothetical to the vocational expert was deficient because it failed to expressly incorporate the moderate limitations in concentration, persistence, or pace that the ALJ found at step three of the Commissioner's five step sequential evaluation process.  This is the only issue addressed in Defendant's objections and Plaintiff's reply brief.  Therefore, I write to address this sole issue.  All other aspects of Judge Perkin's Report and Recommendation are approved and adopted without discussion.

Therefore, **I HEREBY ORDER** that:

1.  Defendants's objections (Doc. No. 18) are **OVERRULED** and the Report and Recommendation is **APPROVED AND ADOPTED**;

2.  Plaintiff's request for review (Doc. No. 11) is **GRANTED IN PART** and the matter is **REMANDED** to the Commissioner of Social Security, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with the foregoing Memorandum;

3.  **JUDGMENT IS ENTERED** in favor of Plaintiff; **REVERSING** the decision of the Commissioner of Social Security for the purpose of this remand only; and

4.  The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

**BY THE COURT:**

**s/J. William Ditter, Jr.**
**J. WILLIAM DITTER, JR., J.**

3